UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| PAULA M. WALLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:10-cv-136-WGH-TWP |
| | ) | |
| WAL-MART TRANSPORTATION, | ) | |
| LLC, and DAVID M. CLEMENTS, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON DEFENDANTS' MOTION TO PRECLUDE THE ADMISSION OF EVIDENCE REGARDING PLAINTIFF'S POSSIBLE FUTURE SURGERY AND/OR MEDICAL EXPENSES AND TO PRECLUDE THE TESTIMONY AND REPORT OF SHIRLEY DAUGHTERY

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Motion to Preclude the Admission of Evidence Regarding Plaintiff's Possible Future Surgery and/or Medical Expenses and to Preclude the Testimony and Report of Shirley Daughtery filed by June 27, 2013. (Docket No. 41). Plaintiff's Objection to the motion to preclude was filed on July 11, 2013. (Docket No. 43). Defendants' Reply was filed on July 25, 2013. (Docket No. 46).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the motion to preclude.

Plaintiff brings a claim for personal injury damages. Liability for the collision is admitted, but the nature and extent of the injuries sustained by the

Plaintiff are in dispute. At issue is whether a report from Shirley Daughtery, R.N. ("Nurse Daughtery"), related to a cost projection for potential future anterior cervical discectomy and fusion, should be admitted into evidence or may be used by treating physicians in their opinions.

Defendants' motion is **GRANTED** to the extent that the report of Nurse Daughtery may not be used as evidence. Nurse Daughtery's report itself states that it "is only to be used as a tool by the plaintiff's counsel in determining settlement agreements. It is not a Life Care Plan and is not intended for use in a trial. The author is serving in a consultant capacity and not as an expert witness." (Motion to Preclude Ex. A, Report of Nurse Daughtery p. 2). In addition, it is clear that Plaintiff has not filed the required FED. R. CIV. P. 26(a)(2) expert disclosure for Ms. Daughtery, and without doing so, she may not render opinions of this nature at trial.

The more difficult issue is whether treating physicians who will testify concerning the Plaintiff's injuries and possible future course of treatment may rely on Nurse Daughtery's written projection in their opinions.

It is undisputed that Dr. Christopher McPherson is a treating physician and has been seen by Plaintiff to discuss potential treatment options. These options include future neck surgery or continued conservative pain management.

Defendants argue that because the Plaintiff has not had neck surgery, and there is no conclusive evidence that the Plaintiff will undergo future surgery,

testimony concerning those future medical expenses should be excluded as irrelevant and not a proper element of damages.

There is some discussion in the briefs about whether Plaintiff will unequivocally testify at trial that she does not plan to undergo future neck surgery. Such a statement, however, does not appear in a deposition as an admission against interest, and some of the treating physicians' testimony seems to indicate that future surgery is an option she must consider.

This court agrees that Chief Judge Richard Young's holding in *McKinney v. Duplain*, 2007 WL 1128852 (S.D. Ind. April 16, 2007), would allow treating physicians to render their opinions about what the future medical costs might be, so long as that opinion is based on personal knowledge and is based upon the type of information upon which a physician can reasonably rely in forming that opinion. *See* FED. R. EVID. 703. Therefore, although Nurse Daughtery's opinion itself is not admissible, Plaintiff's treating physicians could conceivably be allowed to testify to their opinions of what the future medical costs of their treatment would be.

The motion to prelude evidence of future surgery and medical expenses is **DENIED** at this time, subject to the court's review during trial as to whether the Plaintiff's testimony and the physicians' testimony support the proposition that the nature of the Plaintiff's injury can reasonably be expected to include the potential for further surgery.

Therefore, Defendants' motion to preclude is **GRANTED, in part,** to deny the admission into evidence of the report of Nurse Daughtery itself, but it is **DENIED in all other respects** at this time, subject to further reconsideration at trial.

SO ORDERED.

Dated: August 2, 2013

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**